IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:22-cv-00043-M

| | |
|---|---|
| DEBORAH HARRIS IVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA ASSOCIATION OF ) | |
| EDUCATORS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the Defendant's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 14]. In this action, Plaintiff alleges employment discrimination and retaliation against the Defendant in violation of 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1967 ("ADEA'"). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), recommending that the court grant Defendant's motion and dismiss this action. DE 25. Judge Jones examined the pleading, briefing on the motion to dismiss, and certain documents, and concluded that Plaintiff failed to exhaust available administrative remedies with respect to her ADEA claims and failed to state plausible discrimination and retaliation claims under § 1981. *Id.* For the reasons that follow, this court adopts the M&R, grants the Defendant's motion, and dismisses this action with prejudice.

## I. Standards of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). This court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), a party's objections to an M & R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M & R fall short of this standard. *See Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

## II. Analysis

Judge Jones made four principal recommendations. First, Judge Jones found that the documents attached to Plaintiff's response brief ("grievance and job posting exhibits") are not properly considered for a Rule 12(b)(6) analysis. Second, the magistrate judge found that Plaintiff's ADEA claims are time-barred, as she filed this civil action more than ninety days from the date she received a notice of her right to sue and provided no grounds for equitable tolling. Third, Judge Jones found that Plaintiff's allegations are vague, conclusory, and somewhat contradictory, and fail to support a reasonable inference that she was not promoted because of her

2

race in violation of § 1981. Fourth, Judge Jones concluded that two of Plaintiff's grievances did not constitute protected activity and her allegations are insufficient to permit a reasonable inference that her third grievance caused a materially adverse action.

In her objection, the Plaintiff does not challenge Judge Jones' findings regarding her ADEA claims and her § 1981 failure-to-promote claim; thus, the court need not conduct a de novo determination and may review the M&R only for clear error. Having reviewed the M&R and the record presented, the court finds no clear error in the magistrate judge's conclusions that Plaintiff's ADEA claims are time-barred and that Plaintiff failed to state a plausible claim under § 1981 that Defendant did not promote her because of her race.

Plaintiff also "requests [that] the court specifically and summarily omit ¶ 35 of the Complaint from its purview, as the allegation has been determined at the time of this submission, incapable of evidentiary enhancement or other support." DE 27 at 1. Paragraph 35 states: "Plaintiff later filed a third grievance against Riffe for continued discriminatory work conduct when Riffe called her 'just an angry black woman' unprovoked." Compl., DE 1. Because Plaintiff concedes that the court need not take as true nor consider this allegation, the court will not review Judge Jones' findings regarding Plaintiff's third grievance.

With respect to her remaining claim alleging retaliation in violation of § 1981, Plaintiff asserts two objections: (1) the magistrate judge failed to take as true her allegations that her supervisor ("Riffe") falsely accused her of being "unprofessional, rude, and exhibiting a pattern of unprofessional behavior" while Riffe had been actually disciplined for his conduct; and (2) the magistrate judge erred in finding that the documents attached to Plaintiff's response brief may not be considered for this analysis.

First, the allegations to which Plaintiff refers arise from her description of a "second"

3

grievance she lodged against Riffe after an encounter with a school principal in her region. *See* Compl. ¶¶ 32-34. According to Plaintiff, the principal called Riffe and complained that Plaintiff "was unprofessional during a visit to the school campus." *Id.* ¶ 32. Plaintiff alleges that before he conducted any investigation or attempted to confirm the complained-of conduct, Riffe "proceeded to chastise and reprimand Plaintiff by stating she was unprofessional, rude, and exhibiting a pattern of unprofessional behavior." *Id.* ¶ 33. Plaintiff asserts that this grievance was "resolved in her favor." *Id.* ¶ 34. She argues that her allegations, "taken in totality," reflect "a culmination of seemingly inconspicuous behavior that is prejudicial to her." DE 27 at 3.

Even taking Plaintiff's allegations as true, including that Riffe was "disciplined for his behavior toward Plaintiff" (*id.* ¶ 67), the court agrees with Judge Jones that the allegations do not reflect that this grievance (or, to the extent she includes it in her objection, her first grievance) involve race discrimination or that Plaintiff reasonably believed she was opposing race discrimination and, thus, the grievances do not constitute protected activity under § 1981. *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015) ("an employee is protected when she opposes 'not only . . . employment actions actually unlawful under [§ 1981] but also employment actions [she] reasonably believes to be unlawful."); *see also Parker v. Ciena Corp.*, 787 F. App'x 817, 820 (4th Cir. 2019) (where plaintiff complained only about his supervisor's rude treatment of him, he "did not allege that he made a complaint of discrimination, nor do his allegations lead to the inference that the [employer] would have understood his complaint to be about unlawful employment practices. Such a complaint does not amount to protected activity."). The *Parker* court explained that, while a plaintiff need not plead facts that constitute a prima facie case of retaliation to survive a motion to dismiss, the plaintiff is "required to plead sufficient facts to allege [s]he engaged in a protected activity; without engaging in a

4

protected activity, there is no basis to conclude that the [defendant] could have engaged in unlawful retaliation." *Id.* at 820 n.5 (citing *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584-85 (4th Cir. 2015)).

Even if Plaintiff had alleged that her grievance was based on what she reasonably believed to be racial discrimination, the court agrees with Judge Jones that Plaintiff's allegations fail to raise a reasonable inference that her filing the grievance caused Defendant to refuse to promote/hire her. Plaintiff does not challenge this finding, and the court finds no clear error in the magistrate judge's conclusion that "the complaint is devoid of factual allegations to establish temporal proximity between the grievance filing and a materially adverse action" and the Plaintiff's "allegations that Riffe continued to disparage her, question her ability to perform her job responsibilities, excessively scrutinize her performance, and impede her ability to perform her duties … are simply too vague and conclusory for the court to infer the requite causal connection." DE 25 at 15.

Second, Plaintiff argues that Judge Jones improperly refused to consider all of her attached documents in his evaluation of the motion to dismiss. In support of her opposition to the motion, Plaintiff filed copies of an email regarding Riffe's retirement (Ex. 1); a letter from the NC Staff Organization Grievance Chair to Riffe regarding one of Ivery's grievances (Ex. 2); a letter to the Grievance Chair from the NCAE Executive Director regarding the investigation of Ivery's grievance (Ex. 3); a posting for an Organizing Project Manager position with the NCAE (Ex. 4); an email from the NCAE regarding the establishment of field director positions (Ex. 5); an email from the Grievance Chair to the Executive Director regarding Ivery's grievance against Riffe (Ex. 6); an EEOC Inquiry (Ex. 7); and Ivery's Charge of Discrimination (Ex. 8). DE-23-1 through 23-8. Plaintiff's entire argument states: "the documents submitted contemporaneously with the memorandum opposing Defendant's motion to dismiss should be considered as sufficiently

5

referred to in the complaint." DE 27 at 3.

The court finds Plaintiff's contention insufficiently "specific and particularized" to facilitate district court review of the M&R. *Midgette*, 478 F.3d at 621. Citing Fourth Circuit precedent, Judge Jones determined that he was permitted to consider Plaintiff's copies of the EEOC's inquiry and charge of discrimination, but because "the remaining exhibits [Exs. 1-6] do not give rise [to] the legal rights asserted by Ivery and are not integral to the complaint," the court is not permitted to consider them when evaluating whether dismissal is appropriate under Rule 12(b)(6). Exhibits 1-6 appear to be copies of internal communications of the Defendant; however, none of the documents are quoted or referenced in the Complaint and the Plaintiff fails to argue that, or even mention whether, the documents are authentic. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) ("we may consider a document submitted by [a party] that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity"); *see also id.* ("Although the complaint included a few quotes from and references to the Incident Report, Goines' claims do not turn on, nor are they otherwise based on, statements contained in the Incident Report.").

In sum, the court finds Judge Jones did not err in concluding that Plaintiff failed to state a plausible claim of retaliation in violation of § 1981 against the Defendant.

### III. Conclusion

Plaintiff did not object to Judge Jones' recommendations to grant the Defendant's motion to dismiss Plaintiff's ADEA claims and § 1981 failure-to-promote claim, and the court finds no clear error in the magistrate judge's findings. Upon de novo review of Judge Jones' recommendation to dismiss Plaintiff's § 1981 retaliation claim, as well as consideration of the

6

operative pleading, Defendant's motion, the parties' briefs, Plaintiff's objection, and Defendant's response, and finding no error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendant's motion to dismiss [DE 14] is GRANTED and this case is dismissed with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED this 8th day of September, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE